FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y

★ MAY 24 2007 ★

LONG ISLAND OFFICE

# United States District Court
**EASTERN DISTRICT OF NEW YORK**

-----------------------------------------------------------X

JOSHUA WHARTON, GAIL WHARTON and
JONATHAN WHARTON

                                   Plaintiff,

      -against-

COUNTY OF NASSAU, NASSAU COUNTY POLICE
DEPARTMENT, P.O. PHILIP KOURIL, P.O.
CHARLES DECARO and LT. MICHAEL H.
MCGOVERN,

                                  Defendants.

-----------------------------------------------------------X

**COMPLAINT**

**CV-07 2137**

**TRIAL BY JURY DEMANDED**

**KORMAN, CH. J.**

CASE NO.: _____

**BOYLE, M.**

**FIRST:** The nature of Plaintiffs' claims are to recover monetary damages from all defendants, including, but not limited to punitive damages against P.O. PHILIP KOURIL, P.O. CHARLES DECARO, LT. MICHAEL H. MCGOVERN, individually, for violation of constitutional rights, pursuant to 42 USC § 1983, malicious prosecution, perjury, physical abuse, excessive force, false arrest, deprivation of liberty pursuant to the First, Fourth, Fifth and Fourteenth Amendments of the United States Constitution, and/or Article I, §§ 5, 6, 8, 9, 12 of the New York State Constitution, and negligence carelessness and recklessness of COUNTY OF NASSAU and NASSAU COUNTY POLICE DEPARTMENT, its agents, servants and/or employees, its agents, servants and/or employees, including, but not limited to the COUNTY OF NASSAU and three of its Police Officers, P.O. PHILIP KOURIL, P.O. CHARLES DECARO and LT. MICHAEL MCGOVERN for malicious prosecution, false arrest, false imprisonment, abuse of process, excessive force, defamation of character and mental anguish/psychological and punitive damages.

3

**SECOND:** The aforesaid defendants, at all relevant times, COUNTY OF NASSAU, NASSAU COUNTY POLICE, P.O. PHILIP KOURIL, P.O. CHARLES DECARO, and LT. MICHAEL MCGOVERN were acting under the color of state law in arresting Plaintiff JOSHUA WHARTON, with knowledge and/or reason to know that JOSHUA WHARTON did not commit a crime and with express purpose of denying his Constitutional rights since they did not like the speech he directed at them.

**THIRD:** That at all times hereinafter mentioned, the Plaintiff JOSHUA WHARTON was a resident of the County of Nassau, State of New York.

**FOURTH:** That at all times hereinafter mentioned, the Defendant, COUNTY OF NASSAU, was and still is a municipal corporation duly organized and existing under the laws of the State of New York.

**FIFTH:** That at all times hereinafter mentioned, the Defendants, P.O. PHILIP KOURIL, P.O. CHARLES DECARO AND LT. MICHAEL H. MCGOVERN were acting within the scope of their employment with the NASSAU COUNTY POLICE DEPARTMENT.

**SIXTH:** That on or about July 23, 2006, and within ninety (90) days after the accrual of the claim sued upon herein, Plaintiffs served upon the County of Nassau and Nassau County Police Department a duly executed Notice of Claim.

**SEVENTH:** That more than thirty (30) days have elapsed since the Notice of Claim was served and the Comptroller and Defendants, have failed, neglected, and refused to pay, settle, compromise or adjust the claim of the Plaintiffs herein.

**EIGHTH:** That this action was commenced within one (1) year and ninety (90) days from the date of the claim accrued.

## COUNT I

### 42 USC § 1983 CLAIM AGAINST P.O. PHILIP KOURIL, P.O. CHARLES DECARO AND LT. MICHAEL MCGOVERN, FOR DEPRIVATION OF HIS FOURTH AMENDMENT RIGHTS AND NY STATE CONSTITUTIONAL RIGHTS

**NINTH:** Plaintiff repeats, reiterates and realleges all of the allegations set forth above.

**TENTH:** That on or about January 20, 2004, Defendants, P.O. PHILIP KOURIL, P.O. CHARLES DECARO and LT. MICHAEL MCGOVERN (*herein, to be referred to by name or "the Nassau officers"*) were employees, agents and/or servants of the COUNTY OF NASSAU and the NASSAU COUNTY POLICE DEPARTMENT.

**ELEVENTH:** That on or about January 20, 2004, at approximately 8:50 p.m., Plaintiff, JOSHUAL WHARTON was at Dunkin Donuts located at 2458 Jericho Turnpike, Garden City Park, County of Nassau, State of New York, when two police officers, P.O. PHILIP KOURIL and P.O. CHARLES DECARO entered the establishment during an investigation of a trespass at a local high school.

**TWELFTH:** That P.O. PHILIP KOURIL and P.O. CHARLES DECARO approached three African-American youths and began to question said youths, one of whom was the Plaintiff, JOSHUA WHARTON.

**THIRTEENTH:** That while Plaintiff JOSHUA WHARTON was lawfully seated and eating a sandwich, he exercised his rights under the United States Constitution and the New York State Constitution to remain silent, and did not communicate with P.O. PHILIP KOURIL and P.O. CHARLES DECARO other than to state that he did not wish to speak with them.

**FOURTEENTH:** In reaction to the foregoing, Defendants P.O. PHILIP KOURIL and CHARLES DECARO became incensed and violently slammed Plaintiff JOSHUA WHARTON onto the ground, P.O. PHILIP KOURIL and P.O. CHARLES DECARO used excessive force,

handcuffed, deprived Plaintiff JOSHUA WHARTON of his liberty despite the fact that he had not committed a crime.

**FIFTEENTH:** That P.O. PHILLIP KOURIL and P.O. CHARLES DECARO arrested Plaintiff JOSHUA WHARTON with the express intent of preventing him from further expressing his First, Fourth and Fourteenth Amendment rights under the United States Constitution and Article I, § 6, 8, 12 rights to free speech and liberty under the New York State Constitution and took him into custody against his will to the Nassau County Police Department's Third Precinct.

**SIXTEENTH:** That it is the procedure of the NASSAU COUNTY POLICE DEPARTMENT for Police Officers to take an arrestee in custody to the precinct, log in the arrestee and speak with the shift's Desk Lieutenant regarding the events surrounding the arrest and the charges the Police Officers propose that the arrestee should be formally charged with.

**SEVENTEENTH:** That it is the procedure of the NASSAU COUNTY POLICE DEPARTMENT that after the Police Officers present the events surrounding the arrest and the charges the Police Officers propose, the Desk Lieutenant has the ultimate authority to decide if an arrest should be voided and/or terminated or if charges should be formally prepared and what those charges will be.

**EIGHTEENTH:** That once P.O. PHILIP KOURIL and P.O CHARLES DECARO arrived at Nassau County Police Department's Third Precinct with Plaintiff JOSHUA WHARTON in custody against his will, P.O. PHILIP KOURIL and P.O. CHARLES DECARO met with LT. MICHAEL MCGOVERN, the Desk Lieutenant on that shift and explained to him the events leading up to Plaintiff JOSHUA WHARTON's false arrest and recommended charges of Resisting Arrest pursuant to New York State Penal Law (hereinafter referred to as "P.L.") § 205.30, Obstruction of Governmental Administration pursuant to P.L. § 195.05 and Disorderly

6

Conduct pursuant to P.L. § 240.20(3). On or about January 20, 2004, at approximately 8:50 p.m., 2458 Jericho Turnpike, Garden City Park, County of Nassau, then continuing and, including, but not limited to the Third Precinct (3rd), 213 Hillside Avenue, Williston Park, State of New York, County of Nassau, the Defendant, COUNTY OF NASSAU's employees, agents and/or servants, P.O. PHILIP KOURIL, P.O. CHARLES DECARO and LT. MICHAEL MCGOVERN while in the course of their employment arrested, processed in the criminal justice system, and then placed Plaintiff, JOSHUA WHARTON, into custody, despite being aware that they had no cause or grounds for the arrest.

**NINETEENTH**: That despite the fact that LT. MICHAEL MCGOVERN knew that there was no probable cause to believe that Plaintiff JOSHUA WHARTON committed any crime, LT. MICHAEL MCGOVERN authorized and approved the formal arrest of Plaintiff JOSHUA WHARTON for the charges of Resisting Arrest pursuant to P.L. § 205.30, Obstruction of Governmental Administration pursuant to P.L. § 195.05 and Disorderly Conduct pursuant to P.L. § 240.20(3).

**TWENTIETH**: That P.O. PHILIP KOURIL, P.O. CHARLES DECARO and LT. MICHAEL MCGOVERN arrested and charged Plaintiff JOSHUA WHARTON with the crimes of Resisting Arrest pursuant to P.L. § 205.30, Obstruction of Governmental Administration pursuant to P.L. § 205.30 and Disorderly Conduct pursuant to P.L. § 240.20(3) despite the fact that they knew there was no probable cause or justification for arresting and charging him with any crime.

**TWENTY-FIRST**: That at all times P.O. PHILIP KOURIL, P.O. CHARLES DECARO and LT. MICHAEL MCGOVERN acted within the scope of their employment and under the authority of color of State Law as Police Officers.

## COUNT II

## MUNICIPAL LIABILITY

**TWENTY-SECOND:** Plaintiff repeats, reiterates and realleges all of the allegations set forth above.

**TWENTY-THIRD:** That Defendant, COUNTY OF NASSAU, its employees, agents and/or servants, failed to take any necessary steps to prevent this occurrence; failed to properly train its employees, agents and/or servants in arrest procedures; failed to control and supervise its employees, agents and/or servants; failed to prevent the aforesaid pain and suffering, defamation, incarceration and permanent psychological injuries to the Plaintiff; and were otherwise reckless, careless and negligent.

**TWENTY-FOURTH:** That as a result of the above referenced negligence; Plaintiff was caused to sustain pain and suffering, defamation, incarceration and permanent psychological injuries.

**TWENTY-FIFTH:** That as a result of the above, the Plaintiff demands judgment against the Defendant, COUNTY OF NASSAU, in the sum of FIVE MILLION ($5,000,000.00) DOLLARS.

## COUNT III

### 42 USC § 1983 CLAIM AGAINST DEFENDANTS, COUNTY OF NASSAU, P.O. PHILLIP KOURIL, P.O. CHARLES DECARO AND LT. MICHAEL MCGOVERN, FOR MALICIOUS PROSECUTION

**TWENTY-SIXTH:** Plaintiff repeats, reiterates and realleges all of the allegations set forth above.

**TWENTY-SEVENTH:** That on or about January 20, 2004, Defendants, P.O. PHILIP KOURIL, P.O. CHARLES DECARO and LT. MICHAEL MCGOVERN were employees, agents and/or servants of the COUNTY OF NASSAU.

8

**TWENTY-EIGHTH**: That on or about January 20, 2004, P.O. PHILIP KOURIL, P.O. CHARLES DECARO and LT. MICHAEL MCGOVERN prepared formal accusatory instruments formally charging the Plaintiff JOSHUA WHARTON with the charges of Resisting Arrest pursuant to Penal Law § 205.30, Obstruction of Governmental Administration pursuant to P.L. § 195.05 and Disorderly Conduct pursuant to P.L. § 240.20(3) with knowledge that there was no probable cause or grounds to believe he committed these charges.

**TWENTY-NINTH**: That P.O. PHILIP KOURIL, P.O. CHARLES DECARO and LT. MICHAEL MCGOVERN prepared and filed these charges against Plaintiff JOSHUA WHARTON with malice and the intent of depriving Plaintiff JOSHUA WHARTON of his liberty and right to not have his person seized knowing they had no cause or grounds to do so.

**THIRTIETH:** That P.O. PHILIP KOURIL, P.O. CHARLES DECARO and LT. MICHAEL MCGOVERN prepared and filed these charges against Plaintiff JOSHUA WHARTON with the intent to deprive Plaintiff JOSHUA WHARTON of his right to free speech with malice as they were aware that Plaintiff had a Constitutional right to speak to a Police Officer in the manner Plaintiff JOSHUA WHARTON did, but they wanted to punish him for doing so despite knowledge that they had no cause or grounds to do so.

**THIRTY-FIRST:** That Plaintiff JOSHUA WHARTON was subsequently arraigned on said charges and forced to come back to Court approximately 16 times and subsequently stand trial on said charges.

**THIRTY-SECOND:** That on or about May 28, 2004, Plaintiff JOSHUA WHARTON moved to dismiss the accusatory instruments which contained the formal charges filed against him as facially insufficient.

**THIRTY-THIRD:** That on or about June 18, 2004, P.O. PHILLIP KOURIL, P.O. CHARLES DECARO and LT. MICHAEL MCGOVERN met or spoke with the Assistant

9

District Attorney handling the case, Anna Acquafredda, regarding concerns with the validity of the formal charges filed with the Court and to whose validity the Plaintiff JOSHUA WHARTON was challenging by motion to dismiss for facial insufficiency and failing to state a crime.

**THIRTY-FOURTH:** That on or about June 18, 2004, P.O. PHILLIP KOURIL, P.O. CHARLES DECARO and LT. MICHAEL MCGOVERN with malice and knowledge that the Plaintiff JOSHUA WHARTON had not committed a crime, allowed superceding and new charges to be filed against Plaintiff JOSHUA WHARTON, including filing new false allegations regarding the charge of Obstruction of Governmental Administration and Disorderly Conduct pursuant to P.L. § 240.20(3) and further allowed two new charges to be filed against Plaintiff with false allegations charging Disorderly Conduct pursuant to P.L. § 240.20(1) and 240.20(7).

**THIRTY-FIFTH:** That on or about June 18, 2004, P.O. PHILLIP KOURIL, P.O. CHARLES DECARO and LT. MICHAEL MCGOVERN allowed the false charge of Resisting Arrest to stand despite knowledge that the charge was false and that there was no cause or grounds for this charge.

**THIRTY-SIXTH:** That on or about June 18, 2004, P.O. PHILLIP KOURIL, P.O. CHARLES DECARO and LT. MICHAEL MCGOVERN, allowed superceding charges of Obstruction of Governmental Administration pursuant to P.L. § 195.05 and Disorderly Conduct pursuant to P.L. § 240.20(3) containing false allegations and allegations which they had knowledge that there was no grounds or cause to charge Plaintiff JOSHUA WHARTON with to be formally filed against Plaintiff JOSHUA WHARTON in the Nassau County District Court, Criminal Term.

**THIRTY-SEVENTH:** That on or about June 18, 2004, P.O. PHILLIP KOURIL, P.O. CHARLES DECARO and LT. MICHAEL MCGOVERN allowed new charges of Disorderly Conduct pursuant to P.L. §§ 240.20(1) and 240.20(7) to be filed against Plaintiff JOSHUA

WHARTON containing false allegations and allegations which they had knowledge that there were no grounds or cause to charge Plaintiff JOSHUA WHARTON with.

**THIRTY-EIGHTH:** That on or about June 21, 2004, the Plaintiff JOSHUA WHARTON was arraigned in the Nassau County District Court on the superceding and new charges in the Nassau County District Court before the Honorable Edward Maron.

**THIRTY-NINTH:** That on or about February 20, 2006 and February 21, 2006, Plaintiff JOSHUA WHARTON stood trial before the Honorable Sondra Pardes where P.O. PHILLIP KOURIL, P.O. CHARLES DECARO testified falsely regarding the events leading to Plaintiff JOSHUA WHARTON's arrest and charges.

**FORTIETH:** That on or about April 25, 2006, in a written decision, the Honorable Sondra Pardes found the Plaintiff JOSHUA WHARTON Not Guilty of all charges after the bench trial.

**FORTY-FIRST:** That the charges were filed with malice and the superceding and new charges, and the Resisting Arrest charge allowed to remain after June 21, 2006, were filed and were continued to remain with malice and knowledge that the charges were false, without cause or grounds therefore.

**FORTY-SECOND:** That Defendant, COUNTY OF NASSAU, its employees, agents and/or servants, failed to take any necessary steps to prevent this occurrence; failed to properly train its employees, agents and/or servants in arrest procedures; failed to control and supervise its employees, agents and/or servants; failed to prevent the aforesaid pain and suffering, defamation, incarceration and permanent psychological injuries to the Plaintiffs; and were otherwise reckless, careless and negligent.

11

**FORTY-THIRD**:   That as a result of the above referenced negligence, Plaintiff JOSHUA WHARTON was caused to sustain pain and suffering, defamation, incarceration and permanent psychological injuries.

**FORTY-FOURTH:**   That as a result of the above deliberate indifference on the part of the Defendant's, the Plaintiff demands judgment against the Defendant, COUNTY OF NASSAU in the sum of Five Million ($5,000,000.00) dollars.

## COUNT IV

### AGAINST DEFENDANTS P.O. PHILIP KOURIL, P.O. CHARLES DECARO AND LT. MICHAEL H. MCGOVERN INDIVIDUALLY, FOR DEPRIVATION OF LIBERTY

**FORTY-FIFTH:**   Plaintiff repeats, reiterates and realleges all of the allegations set forth above.

**FORTY-SIXTH:**   Although the Defendants, NASSAU COUNTY POLICE officers, P.O. PHILLIP KOURIL, P.O. CHARLES DECARO and LT. MICHAEL MCGOVERN, knew their conduct of arresting Plaintiff JOSHUA WHARTON when they knew they had no right to, in violation of his constitutional rights, the defendants, processed the Plaintiff, JOSHUA WHARTON, generating misleading and false accusatory instruments, in order to lay charges against Plaintiff JOSHUA WHARTON, even though they knew or had reason to know that they were making an illegal arrest.

**FORTY-SEVENTH:**   That as a result of the foregoing, Plaintiff demands judgment against the defendants in the amount of Five Million ($5,000,000.00) dollars.

### COUNT V

### AGAINST DEFENDANTS, NASSAU COUNTY POLICE, P.O. PHILIP KOURIL, P.O. CHARLES DECARO AND LT. MICHAEL MCGOVERN INDIVIDUALLY, FOR NEGLIGENCE

**FORTY-EIGHTH:** Plaintiff repeats, reiterates and realleges all of the allegations set forth above.

**FORTY-NINTH:** That on January 20, 2004, at approximately 8:50 p.m. and the hours thereafter, the three aforesaid Defendants, without cause or provocation, carelessly, negligently and recklessly and maliciously, arrested the Plaintiff JOSHUA WHARTON, despite knowing that the charges were false, with malice, and that there were no cause or grounds therefore, in fact, still effectuated an arrest.

**FIFTIETH:** That despite having knowledge that an Plaintiff JOSHUA WHARTON, was merely exercising his right to remain silent pursuant to the United States Constitution and the New York State Constitution and indicating his refusal to speak in colorful language protected by the First and Fourteenth Amendment to the United States Constitution and Article I, §§ 6, 8, 12 of the New York State Constitution, P.O. PHILLIP KOURIL, P.O. CHARLES DECARO and LT. MICHAEL MCGOVERN and COUNTY OF NASSAU, its agents, servants and/or employees, its agents, servants and/or employees, including, but not limited to the COUNTY OF NASSAU and three of its Police Officers, created misleading and false complaints against the Plaintiff JOSHUA WHARTON, that they knew was false, misleading and without cause and grounds therefore.

**FIFTY-FIRST:** That as a result of the above referenced negligent actions, this Plaintiff sustained mental and pecuniary losses and losses of enjoyment of life.

13

**FIFTY-SECOND**:   That as a result of the above negligence, Plaintiff demands judgment against the Defendants in the amount of Five Million ($5,000,000.00) dollars and punitive damages.

**FIFTY-THIRD**:  That the aforesaid occurrence, especially, but not limited to drafting a criminal complaint or "misdemeanor information" that they knew was insufficient, contained false factual allegations, failed to contain a criminal act, among other defects and the injuries, damages and pain and suffering resulting therefrom were caused in whole by Defendants, P.O. PHILIP KOURIL, P.O. CHARLES DECARO and LT. MICHAEL MCGOVERN's intentional, wanton, willful and malicious misconduct.

**FIFTY-FOURTH:** Defendants, P.O. PHILIP KOURIL, P.O. CHARLES DECARO and LT. MICHAEL MCGOVERN, intentionally falsified documents in order to effectuate an arrest and in order to be able to hold Plaintiff JOSHUA WHARTON in custody against his will and falsified further accusatory instruments with knowledge that the charges were without cause or grounds therefore.

**FIFTY-FIFTH**:   That by reason of the foregoing, Plaintiff seeks punitive damages and demands judgment against the Defendants in the amount of Five Million ($5,000,000.00) dollars.

## COUNT VI

### AGAINST DEFENDANTS P.O. PHILIP KOURIL, P.O. CHARLES DECARO AND LT. MICHAEL MCGOVERN FOR EXCESSIVE FORCE.

**FIFTY-SIXTH :** Plaintiff repeats, reiterates and realleges all of the allegations set forth above.

**FIFTY-SEVENTH:** On January 20, 2004, Defendants, P.O. PHILIP KOURIL and P.O. CHARLES DECARO attacked Plaintiff JOSHUA WHARTON by surrounding him, then

14

attacking him and violently throwing him down on the floor, jumping on top him and forcibly struck, held and jostled his head, torso, legs and arms, forcibly pinned him to the floor and searched him without cause or grounds therefore.

**FIFTY-EIGHTH:** That Plaintiff JOSHUA WHARTON did not move or attempt to use any force in response, did not resist the force being used upon him, nor did he have an opportunity to, as P.O. PHILIP KOURIL and P.O. CHARLES DECARO used excessive force in effectuating an unauthorized arrest without probable cause or grounds therefore to believe that Plaintiff JOSHUA WHARTON committed a crime.

**FIFTY-NINTH:** Defendants P.O PHILIP KOURIL and P.O. CHARLES DECARO used excessive force against Plaintiff JOSHUA WHARTON with knowledge that Plaintiff JOSHUA WHARTON did not commit a crime and that the arrest and force used to effectuate the arrest was excessive, unnecessary and without cause or grounds therefore.

**SIXTIETH:** that by reason of the foregoing, the Plaintiff demands judgment against the Defendants in the amount of Five Million ($5,000,000.00) dollars.

### COUNT VII

**AGAINST DEFENDANT, COUNTY OF NASSAU, NASSAU COUNTY POLICE DEPARTMENT, P.O. PHILIP KOURIL, P.O. CHARLES DECARO AND LT. MICHAEL H. MCGOVERN FOR RECOVERY OF LEGAL FEES EXPENDED**

**SIXTY-FIRST:** Plaintiff repeats, reiterates and realleges all of the allegations set forth above.

**SIXTY-SECOND:** That after Plaintiff JOSHUA WHARTON's arrest and arraignment on criminal charge, Plaintiff JOSHUA WHARTON was required to have counsel to represent him.

**SIXTY-THIRD:** That Plaintiff JOSHUA WHARTON was seventeen (17) years of age at the time of his arrest on January 20, 2004 having been born on March 7, 1986.

**SIXTY-FOURTH:** That Plaintiff JOSHUA WHARTON's parents, Plaintiffs GAIL WHARTON and JONATHAN WHARTON were legally financially responsible for payment of their minor child's legal fees pursuant to New York State Law and case law precedent authority.

**SIXTY-FIFTH:** That, on or about March 2, 2004, Plaintiffs GAIL WHARTON and JONATHAN WHARTON hired the law firm of Massimo & Panetta, P.C., located at 99 Quentin Roosevelt Boulevard, Suite 201, Garden City, New York 11530, to represent their minor child Plaintiff JOSHUA WHARTON.

**SIXTY-SIXTH:** Plaintiffs GAIL WHARTON and JONATHAN WHARTON were required to expend thousands of dollars in legal fees in the successful criminal defense of their minor child Plaintiff JOSHUA WHARTON.

**SIXTY-SEVENTH:** That Defendants COUNTY OF NASSAU, NASSAU COUNTY POLICE DEPARTMENT, P.O. PHILIP KOURIL, P.O. CHARLES DECARO and LT. MICHAEL MCGOVERN are responsible for forcing Plaintiffs GAIL WHARTON and JONATHAN WHARTON to pay legal fees for their son Plaintiff JOSHUA WHARTON as they arrested, charged and knowingly and maliciously allowed the charges to remain pending in court for over two years requiring Plaintiff JOSHUA WHARTON to stand trial to defend himself from these false, baseless charges filed against Plaintiff JOSHUA WHARTON without cause or grounds therefore.

**SIXTY-NINTH:** These Plaintiffs endured tremendous pain and suffering, defamation and permanent psychological and pecuniary injuries and demands judgment from the Defendants in the amount of Five Million ($5,000,000.00) dollars.

**WHEREFORE**, Plaintiff demands judgment pursuant to 42 United States Code, Section 1983 and for attorneys' fees under section 1988, and for his State Common Law claims, for monetary compensation, for pain and suffering and loss of reputation and punitive damages; and on all Claims, in the amount of thirty-five million dollars ($35,000,000.00) against the Defendants, for whatever further and other relief this court deems just and proper, together with the costs, disbursements of this action.

Dated: Garden City, New York
       May 22, 2007

                        Yours, etc.,

                        **MASSIMO & PANETTA, P.C.**
                        Attorneys for Plaintiff
                        99 Quentin Roosevelt Boulevard, Suite 201
                        Garden City, New York 11530
                        (516) 683-8880
                        By: _____
                            NICHOLAS J. MASSIMO (NJM 6422)