UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
JOSHUA WHARTON, GAIL WHARTON and
JONATHAN WHARTON,

                                        Plaintiff(s),          07-CV-2137
                                                              (WFK)

        - against -

PHILLIP COURIL and P.O. CHARLES DECARO
                                        Defendant(s).
-----------------------------------------------------------------------X


## MEMORANDUM OF LAW
### IN SUPPORT OF
### NASSAU COUNTY DEFENDANTS' MOTION IN LIMINE


JOHN CIAMPOLI
Nassau County Attorney

BY:   Diane C. Petillo
      Andrew K. Preston


i

## TABLE OF CONTENTS

PRELIMINARY STATEMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .1

PROCEDURAL HISTORY AND STATEMENT OF FACTS . . . . . . . . . . . . . . 1

STATEMENT OF FACTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .2


ARGUMENT

POINT I
THE ORDER OF JUDGE PARDES AFTER THE NON-JURY
TRIAL MUST BE PRECLUDED PURSUANT TO FEDERAL
RULES OF EVIDENCE 403, 802, 901, AND 902 . . . . . . . . . . . . . . . . . . . . . . . . .5


POINT II
PREVIOUSLY UNIDENTIFIED WITNESSES SHOULD
BE PRECLUDED . . . . . . . . . . . . . .. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .6

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . .. . . . . . . . . . . . . . . . . . . . . . .8

## PRELIMINARY STATEMENT

Defendants Police Officer Phillip Kouril ("Kouril") and Police Officer Charles Decaro ("Decaro")(hereinafter collectively referred to as "Defendants") submit this Memorandum of Law in support of their motion *in limine* dated February 21, 2013. Defendants request an order (1) precluding all witnesses identified by Plaintiff in the Pre-Trial Order and not previously disclosed to Defendants pursuant to Fed. R. Civ. P 37, Federal Rules of Evidence 401-403 and 802; (2) precluding the documents identified by Plaintiff as exhibits in the Joint Pre-Trial Order and objected to by Defendants pursuant to Federal Rules of Evidence 801, 802, 901, 902, and 1002-1004; (3) precluding the order of Judge Pardes after the non-jury trial held December 12, 2005 and December 13, 2005 pursuant to Federal Rules of Evidence 403, 801, 802, 901, 902.

## PROCEDURAL HISTORY AND STATEMENT OF FACTS

On or about May 24, 2007, plaintiffs sought to commence this action against the defendants, The County of Nassau, Nassau County Police Department, Police Officer Philip Kouril, Police Officer Charles DeCaro and Lieutenant Michael H. McGovern (hereinafter "County Defendants") by the filing of a Summons and Complaint in the United States Federal Court, Eastern District of New York based upon his contact with the named Defendants on January 20, 2004. Thereafter, on September 20, 2007 the County Defendants were served with the Complaint. Plaintiff Wharton alleges violations of his rights pursuant to (a) 42 U.S.C. §1983, First, Fourth, Fifth and Fourteenth Amendments to the U.S. Constitution; (b) 42 U.S.C. § 1983, Municipal violations; (c) 42 U.S.C. § 1983, Malicious Prosecution, Perjury, False Arrest, False Imprisonment, Excessive Force; (d) similar violations arising under Article I, §§ 5,6,8,9,12 of the New

1

York State Constitution under theories of negligence, carelessness and recklessness. Specifically, plaintiff claims that he was falsely arrested, detained and wrongfully subjected to criminal proceedings and prosecution.

The claims are based upon plaintiff Joshua Wharton's allegations that he was falsely arrested for Disorderly Conduct, Obstruction of Governmental Administration and Resisting Arrest under New York State Penal Law on January 20, 2004. Plaintiffs seek an award of compensatory and punitive damages as well as attorney's fees.

As a result of the motion for summary judgment brought by the Defendants Judge Roslyn R. Mauskopf issued an order dated September 20, 2010 granting the motion in part and denying the motion in part. Pursuant to Judge Mauskopf's Order the following claims were dismissed: Plaintiffs' New York State law false arrest claim, §1983 and New York State law excessive force claims, municipal liability claim, equal protection claim and negligence. In addition, the Court also dismissed all claims against the County of Nassau, the Nassau County Police Department and Lt. McGovern. Therefore, the only remaining claims are Plaintiff's § 1983 false arrest claim and § 1983 and New York State law malicious prosecution claims against Defendants Kouril and DeCaro. Plaintiff's cross-motion for summary judgment was denied in its entirety.

**STATEMENT OF FACTS**

Plaintiff, Joshua Wharton was enrolled as a student at Mineola High School, located a 10 Armstrong Road, Garden City Park, between the years 2000-2005. On January 20, 2004, while a student at Mineola High School he arrived at the school at approximately 6:00 PM to attend a basketball game scheduled to begin at 7:00 p.m. At the end of the basketball game, approximately one and a half or two hours later, he left

the school in the company of two friends and walked to the Dunkin Donuts located at Jericho Turnpike and Herricks Road, one block away from the school.

On the evening of January 20, 2004 Police Officers Philip Kouril and Charles Decaro were partners and picked up a call to respond to a disturbance at Mineola High School. While en route to the School, and heading south on Armstrong Road, Kouril took note of four or five young teen males walking north along the road. Upon their arrival at the school, they were informed, by the Coach of the team, that Joshua Wharton and three or four other black males had been kicked out for causing a disturbance during a basketball game. The Coach told the Police Officers that Wharton was barred from the school. He informed them that the individual had walked north from the School.

Kouril and DeCaro left the school and continued their investigation of the Trespass, northbound on Armstrong Road, proceeding to a nearby Dunkin Donuts. Upon their arrival at Dunkin Donuts they observed two of the males that they had seen earlier, walking along Armstrong Road, in the Dunkin Donuts. The Officers entered the Dunkin Donuts and approached the two males in furtherance of their investigation regarding the trespass at the school. At that time, another male later identified as Plaintiff, interrupted them with cursing and statements directed at the other two teens not to speak with the Officers. The Officers approached the Plaintiff with the intention of speaking to him, asking for identification and advising him not to trespass at Mineola High School, based upon their earlier observations of the teens on Armstrong Road.

Plaintiff continued to talk loudly, screaming, using curse words, derogatory language and disturbing patrons. During their attempt to speak to Plaintiff he pushed a table into Defendant Kouril, striking him at which time the officers attempted to place

3

him under arrest. Plaintiff resisted arrest by flailing his arms and legs but was ultimately handcuffed and transported to the Third Precinct. Defendants Kouril and DeCaro believed that they had probable cause to arrest Plaintiff inside the Dunkin Donuts. Once at the Third Precinct, Plaintiff was processed for the arrest.

Soon after arriving at the Precinct, Kouril had an initial conversation with Lieutenant McGovern, the Desk Officer on duty that evening, regarding the incident leading up to Plaintiff's arrest whereupon it was determined that Plaintiff would be charged with Disorderly Conduct, Obstructing Governmental Administration and Resisting Arrest. Plaintiff was informed that he would be receiving a Desk Appearance Ticket and was released into his father's custody that evening. Plaintiff was observed to be in good physical condition and did not complain of any injuries.

On December 12-13, 2005 a trial of the criminal charges against Plaintiff took place before the Hon. Sondra Pardes of the Nassau County District Court. Thereafter, in a written decision rendered on April 24, 2006, Judge Pardes found Plaintiff not guilty of all criminal charges. On July 21, 2006, approximately two and a half years after Plaintiff's arrest and release from custody, a Notice of Claim was served upon the Nassau County Attorney's Office on Plaintiffs' behalf. On May 24, 2007, approximately three years and four months after Plaintiff's arrest and release from custody, Plaintiff filed a Summons and Complaint in the United States District Court, Eastern District of New York. On September 20, 2007 the County of Nassau was served with Plaintiff's Summons and Complaint. Thereafter, on December 7, 2007, the County Defendants served their Answer upon Plaintiffs.

4

ARGUMENT

POINT I

**THE ORDER OF JUDGE PARDES AFTER THE NON-JURY TRIAL MUST BE PRECLUDED PURSUANT TO FEDERAL RULES OF EVIDENCE 403, 802, 901 AND 902**

Plaintiff was charged with Resisting Arrest in violation of Penal Law 205.30, Obstruction of Governmental Administration in violation of Penal Law 195.05, and Disorderly Conduct in violation of Penal Law 240.20 (3), by accusatory instruments filed with the court on January 29, 2004. The Nassau County District Attorney's Office filed superseding accusatory instruments on or about June 21, 2004 with respect to the original charges and, in addition, filed additional charges of Disorderly Conduct in violation of Penal Law 240.20 (1) and (7). A non-jury trial in this matter was conducted on December 12, 2005 and December 13, 2005 before Judge Pardes at which time Plaintiff was found not guilty of all charges.

The decision of Judge Padres is inadmissible and unduly prejudicial and as hearsay under Federal Rules of Evidence 403 and 802, respectively.

While the Second Circuit has not ruled on the issue of admitting prior judicial statements, in a 2001 civil trial in the Eastern District of New York, the court excluded factual findings of a judge of the Quebec Superior Court, which the defendants offered to impeach one of the plaintiff's experts. The court explained first that "Judicial findings in other cases proffered as evidence are generally characterized as inadmissible hearsay. No specific exceptions apply under the Federal Rules of Evidence." *Blue Cross and Blue Shield of New Jersey, Inc. v. Philip Morris, Inc.,* 141 F. Supp. 2d 320, 323 (E.D.N.Y. 2001) (internal citations omitted). It also cited Rule 403 as a basis for its decision, calling

5

the evidence "unfair" and noting that "unlike the scientific community's process of peer review, there is no practical way for a scientist to defend against a judge's assessments of credibility." *Id.* At 324-25.

The Southern District also addressed this issue holding that prior judicial statements as inadmissible hearsay and as unduly prejudicial, on account of the difficulty of weighing such statements against contrary evidence. *L-3 Communications Corp. v. OSI Sys., Inc.,* 02-CV-9144 (PAC), 2006 WL 988143 (S.D.N.Y. Apr. 13, 2006).

The difficulty in assessing the probative force of comments by a judge on the credibility of a witness is especially great for a jury, which may give exaggerated weight to a judge's supposed expertise on such matters. *See Quercia v. United States,* 289 U.S. 466, 469, 53 S.Ct. 698, 77 L.Ed. 1321 (1933) ("The influence of a trial judge on a jury is necessarily and properly of great weight and his lightest word or intimation is received with deference, and may prove controlling") (internal citations omitted); *United States v. Fernandez,* 480 F.2d 726 (1973) (Friendly, J.).

In the case at bar, Judge Pardes acted as both judge and jury in the criminal trial. To permit her order to be admissible in the present matter would invade the purview and responsibility of the jury.

## POINT II
### PREVIOUSLY UNIDENTIFIED WITNESSES
### SHOULD BE PRECLUDED

Under Rule 26 (a)(1), the Plaintiff must, "without awaiting a discovery request, provide . . . (i) the name and, if known, the address and telephone number of each individual likely to have discoverable information, along with the subjects of that information, that the disclosing party may use to support its claims or defenses." FED. R.

6

CIV. P. 26 (a)(1)(A)(i).  Furthermore, the disclosures "must be made in writing, signed, and served" upon the Defendant in order to give proper notice, and are not excused merely because the investigation was not completed.  FED. R. CIV. P. 26 (a)(1)(E) and 26 (a)(4).  Once the initial disclosures have been made, the Plaintiff still has an ongoing duty to supplement these Rule 26 (a) disclosures when the Plaintiff "learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing."  FED. R. CIV. P. 26 (e)(1)(A) (emphasis added).

Under Rule 37 (c)(1), "[i]f a party fails to . . . identify a witness as required by Rule 26 (a) or (e), the party is not allowed to use that . . . witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless."  FED. R. CIV. P. 37 (c)(1).  See *Gotlin v. Lederman,* No. 04-CV-3736, 2009 U.S. Dist. LEXIS 78818, at *12 (E.D.N.Y. June 6, 2007).  Furthermore, the burden to prove a substantial justification or the harmlessness of the failure to disclose is on the party who failed the make those Rule 26(a) disclosures.  See *Castro v. City of New York,* No. 06-CV-2253, 2009 WL 2461144, at *6 (E.D.N.Y. August 10, 2009).

### *Witnesses*

In the Joint Proposed Pretrial Order Plaintiff has included retired Police Captain Frank X. Shea as a rebuttal witness; however, at no time prior to the Pretrial Order did Plaintiff notify the Nassau County Defendants of his intention to call this individual as a witness.

The required disclosure of witnesses, under either the initial or supplementary disclosures of Rule 26, are not met by simply informing the Defendant that a person may

7

possess certain information, but are satisfied when the Plaintiff provides notice that the witness may be called upon to provide such information. *Alfano,* 2007 U.S. Dist. LEXIS 74764, at *4-5.

It is clear that the court should preclude such undisclosed witnesses from testifying at trial, as a result of the duplicative, irrelevant, or hearsay testimony; and the excessive prejudice suffered by Defendants.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court issue an Order:  1) precluding the Order of Judge Pardes stemming from the criminal trial held December 12 and 13, 2005;  2) precluding retired Police Captain Frank X. Shea as a rebuttal witness identified by Plaintiff in the Joint Pre-Trial Order on the grounds that he was not previously disclosed to Nassau County Defendants pursuant to FED. R. CIV. P. 37, Federal Rules of Evidence 401-403 and 802; (3) precluding the documents identified by Plaintiff as exhibits in the Joint Pre-Trial Order and objected to by Defendants pursuant to Federal Rules of Evidence 401, 402, 403, 901, 902, and 1002-1004.


Dated: Mineola, New York
       February 22, 2013


                                    Respectfully submitted,
                                    JOHN CIAMPOLI
                                    Nassau county Attorney

                                       /dcp/ /ap/
                      By:           _____
                                    Diane C. Petillo
                                    Andrew K. Preston
                                    Deputy County Attorneys
                                    One West Street
                                    Mineola, New York 11501

To:     Masimo & Panetta
        99 Quentin Roosevelt Boulevard, Suite 201
        Garden City, New York 11530